## THE AMERICAN NATIONAL BANK OF PROVIDENCE,. RESPONDENT, *v.* WILLIAM R. GRACE, APPELLANT.

*Misjoinder — of causes of action for fraud and for money.had · and received — when transactions are not connected with the same subject of action — Code of Civil Procedure, sec. 484, sub. 9.*

A complaint stated two causes of action:

The first was for fraud and deceit in inducing the plaintiff, a bank, to purchase the notes of an insolvent firm upon false representations that it was prosperous.

The second was for money had and received, alleging that such insolvent firm had given to the defendant money with which to pay the firm notes, which were held by the plaintiff, and that the defendant had not done so, but had converted the money to his own use.

A demurrer, setting up a misjoinder of causes of action, was interposed to the. complaint.

*Held,* that the causes of action were improperly joined, the first being in tort and the second on contract.

That the allegation, in the second cause of action, of a conversion was untenable.

That the transactions forming the subject-matter of the two causes of action were not connected with the same subject ·of action, and could not be joined in the same complaint.

APPEAL by the defendant William R. Grace from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 8th day of September, 1891, overruling a demurrer to the complaint after a trial at the New York Special Term.

*F. R. Coudert,* for the appellant.

*H. W. Bean,* for the respondent.

VAN BRUNT, P. J.:

Two causes of action are alleged in the complaint. The first is to recover damages for fraud and deceit, such fraud and deceit consisting of the inducing, by false and fraudulent representations and concealment, the plaintiff to purchase of the defendant two promissory notes of the firm of Grant & Ward, and to pay him therefor the sum of $19,600 ; the false and fraudulent representation and concealment being the representation that Grant & Ward were a prosperous and solvent firm, whereas the defendant well knew that they were wholly insolvent and unable to pay their debts.

It is true that many other facts are alleged in the complaint in respect to the first cause of action, but this seems to be its true statement.

The second cause of action is for money had and received to the plaintiff's use; the evidence alleged being that Grant & Ward paid to the defendant the amount of the two notes sold by the defendant to the plaintiff under an agreement that the defendant should apply the money so received by him to the payment of said notes, but that the defendant has failed to apply the said sum, or any part thereof, to the payment of the same, and has converted the same to his own use. The allegation of conversion seems to be entirely surplusage, because it is apparent that he has not converted any property of the plaintiffs to his own use, as he never had any of their property in his possession, except the money which he is alleged to have received upon the purchase of the notes.

The defendant demurred to this complaint upon the ground that it sets forth two causes of action, which are improperly joined. This demurrer was overruled by the court below upon the ground, first, that each cause of action set out in the complaint was in tort, one for fraud and deceit and one for conversion, and that the two causes of action related to transactions connected with the same subject of action, viz., the alleged wrongful conduct of the defendant in respect to the notes in question.

It seems to us clear that the learned judge below fell into error in his conclusion that the second cause of action sounded in tort. The sole ground of recovery alleged in that cause of action is that the defendant has money in his hands which has been paid by Grant & Ward to the use of the plaintiff, and which it is entitled in equity to receive from the defendant. The allegation in respect to conversion cannot apply, because it is not claimed that any specific sum was converted; but that Grant & Ward placed the defendant in funds to take care of the notes belonging to the plaintiff with others, and that the defendant has not taken care of the two notes held by the plaintiff. The most that can be made out of this is that Grant & Ward have paid to the defendant money to the use of the plaintiff. Therefore it is an action on contract, and in no respect sounds in tort any more than any case for money had and received.

The question, then, is presented whether the transactions forming the subject-matter of the two causes of action are connected with the same subject of action, and that is substantially what seems to have been claimed by the learned counsel upon the argument of this appeal.

We think that a very brief examination of the causes of action will show that they are entirely independent and not connected with each other. The first cause of action, as already stated, is for fraud and deceit in inducing the plaintiff to purchase these notes by false and fraudulent representations. In connection with these alleged causes of action are allegations of the circumstances under which the defendant became possessed of the notes in question, and of the agreement between Grant & Ward and the defendant in respect thereto, whereby Grant & Ward agreed to pay a certain bonus for the procuring of a loan upon these notes and others, and also agreed to take up the notes two months prior to their falling due.

These allegations, of course, have no connection with or relevancy to the cause of action set out in the first subdivision of the complaint, viz., for fraud and deceit. As far as that cause of action was concerned, it was entirely immaterial what the agreements between Grant & Ward and the defendant were. If he induced the plaintiff to take these notes on false and fraudulent representations and damages are demanded therefor, the relations between Grant & Ward and the defendant (except so far as they may tend to establish the defendant's knowledge of their insolvency) are entirely immaterial, and allegations in respect thereto are allegations of evidence and not of facts necessary to the proper averment of the cause of action.

We next come to the cause of action for money had and received. In this cause of action is re-alleged each and all of the allegations contained in the first cause of action. Now, this cause of action is founded upon the claim that Grant & Ward had paid to the defendant these notes, and that he was in duty bound to pay the money over to the plaintiff. This evidently has no connection with the original transaction between the defendant and the plaintiffs.

In order to unite causes of action between two parties, the claims must arise out of the same transaction between those parties or transactions connected with the same subject of action. Now, in the first cause of action, whatever the relations, as already said, existing

between Grant & Ward and the defendant, the plaintiff has no interest therein except so far as they may tend to prove *scienter* on the part of the defendant. The subject-matter of that cause of action is the fraud and deceit in getting the plaintiff to purchase the notes of a firm which defendant knew to be insolvent. The second cause of action cannot possibly have its inception or be connected with anything prior to the time of the payment of the money by Grant & Ward to the defendant. It is the money paid to the defendant by Grant & Ward which is the subject of that action, and it is that transaction which forms its basis. Therefore, what the connection is between the cause of action arising out of the payment of money by Grant & Ward to the defendant and the cause of action based upon the fraud and deceit of the defendant we cannot perceive.

The very statement of the inconsistencies between those two causes of action shows that they cannot arise out of the same transaction or transactions connected with the same subject of action, as they both arise at different times and periods. The one is founded upon the allegation of the insolvency of Grant & Ward and their inability to pay the notes in suit; and the other is founded upon the claim that they have paid the notes in suit to the defendant — claims clearly inconsistent with each other.

It seems, therefore, that the one cause of action being for fraud and deceit, and the other for money had and received, the subject-matter of the causes of action are entirely distinct and arise out of different transactions.

We think, therefore, that the demurrer should have been sustained and that the judgment should, therefore, be reversed, with costs to appellant, the plaintiff to be allowed to amend on payment of costs of appeal and costs of demurrer in the court below.

O'BRIEN and INGRAHAM, JJ., concurred.

Demurrer sustained and judgment reversed, with costs to appellant, the plaintiff to be allowed to amend on payment of costs of appeal.